# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

|  |  |
|---|---|
| ) | Case No. 5:25-cv-00544-FL |
| ) | |
| ) | |
| *In re Langdon & Company, LLP Data Breach Litigation* ) | **REPORT OF THE PARTIES'** |
| ) | **PLANNING MEETING** |
| ) | Fed. R. Civ. P. 26(f) |
| ) | |
| ) | |
| ) | |

## REPORT OF THE PARTIES' PLANNING MEETING

1.      The following persons participated in a Rule 26(f) conference on March 13, 2026 by videoconference:

Jean S. Martin and Gerald Wells, representing Plaintiffs.

David Yudelson, Bill McMahon and Sara Aquillo representing Defendant Langdon & Company, LLP.

2.      Initial Disclosures. The parties will complete by April 10, 2026 the initial disclosures required by Rule 26(a)(1).

3.      Discovery Plan. The parties propose this discovery plan:

a)      Discovery will be needed on these subjects: 1) Defendant's data security practices; 2) the data potentially compromised in the data security incident; 3) Defendant's investigation and remediation of the data security incident; 4) Defendant's identification of putative class members; 5) Defendant's notice of data security incident sent to putative class members, and; 6) Plaintiffs' allegations of misuse of their data in Consolidated Complaint; (7) Plaintiffs' alleged damages and "risks" of harm identified in the Consolidated Complaint. See, e.g., *O'Leary v. TrustedID, Inc.,* 60 F.4th 240 (4th Cir. 2023; *Sikes v. Sree Hotels, LLC*, No. 3:24-CV-00679-

KDB-DCK, 2024 WL 5130865, at *3 (W.D.N.C. Dec. 16, 2024); (8) Plaintiffs' mitigation efforts and other causation questions.

b) Discovery shall commence upon the Court's entering of a case management schedule. Non-Expert Discovery shall be completed 90 days after the Court's Order on the Motion for Class Certification. All discovery requests shall be served sufficiently in advance of the discovery cutoff to allow the opposing party enough time to respond under the North Carolina Rules of Civil Procedure prior to the discovery deadline.

c) Each party should be permitted to serve up to 30 requests for production of documents and 30 interrogatories, with responses due within 45 days of service.

d) Each party should be permitted to serve up to 30 requests for admission; provided, however, that no limitation shall apply to requests for admission directed solely at authenticating documents or other evidentiary material. Responses shall be due within 45 days of service.

e) Each party should be permitted up to 10 fact witness depositions.

f) Each deposition shall be limited to seven hours on the record.

g) Reports of expert witnesses pursuant to Rule 26(a)(2)(B) shall be exchanged 30 days after the completion of Non-Expert Discovery.

h) Rebuttal reports of expert witnesses and supplementations under Rule 26(e) shall be served 60 days after the initial exchange of expert witness reports pursuant to Rule 26(a)(2)(B).

i) The parties will meet to discuss and negotiate an electronically stored information ("ESI") protocol, which will be submitted to the Court by April 30, 2026.

j) The Parties will meet to discuss and negotiate a Protective Order that will, among other things, deal with the designation of confidential documents and challenges to the designation including the timing and method for complying with Rule 26(b)(5)(A) and whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502.

4. Other Items:

a) The Deadline to amend pleadings or to join parties: October 1, 2026.

b) Expert Discovery shall be completed 100 days after the exchange of expert witnesses reports pursuant to Rule 26(a)(2)(B).

c) The Parties request a status conference with the Court to be held within 30 days upon the completion of Expert Discovery to discuss whether dispositive motions will be filed, to set a briefing schedule for such dispositive motions, and to discuss and set a schedule for pre-trial matters.

d) Settlement discussions shall occur by November 2, 2026.

e) The Parties propose the following dates regarding Class Certification:

    i. Plaintiff's Motion for Class Certification Filing Deadline: January 18, 2027.

    ii. Oppositions to Motion for Class Certification Deadline: March 1, 2027.

    iii. Reply to Opposition to Motion for Class Certification: April 19, 2027.

Date: March 27, 2026

/s/ *Jean S. Martin*
Jean S. Martin (N.C. Bar No. 25703)
AYLSTOCK, WITKIN, KREIS &
OVERHOLTZ PLC
17 E. Main Street, Suite 200
Pensacola, FL 32502
Tel: (850) 266-2893
Email: jmartin@awkolaw.com

Gerald D. Wells, III (*pro hac vice pending*)
LYNCH CARPENTER, LLP
1760 Market Street, Suite 600
Philadelphia, PA 19103
T: 267-609-6910
F: 267-609-6955
jerry@lcllp.com

*Attorneys for Plaintiffs and the putative class*

Date: March 27, 2026

***/s/ William J. McMahon, IV***
William J. McMahon, IV
N.C. State Bar No. 34097
Email: bmcmahon@constangy.com
David A. Yudelson (*pro hac vice* forthcoming)
California State Bar No. 325316
Email: dyudelson@constangy.com
CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP
One West Fourth Street, Suite 850
Winston-Salem, NC 27101
Telephone: (336) 721-6860
Facsimile: (336) 748-9112

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Jean S. Martin*
Jean S. Martin