IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CV-544-FL

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| IN RE LANGDON & COMPANY, LLP | ) | CASE MANAGEMENT ORDER |
| DATA BREACH LITIGATION | ) | |
| | ) | |
| | ) | |
| | ) | |

Pursuant to Federal Rule of Civil Procedure 26(f), the parties conducted a pretrial conference by videoconference in this case on March 13, 2026, with plaintiffs appearing through counsel Jean S. Martin and Gerald Wells, and defendant Langdon & Company, LLP appearing through counsel David Yudelson, Bill McMahon, and Sara Aquillo. After reviewing the parties' joint report and plan, filed March 27, 2026, along with the parties' supplement regarding electronically stored information, filed April 30, 2026, the court will bifurcate discovery in this action as between the initial class discovery prior to plaintiffs' forthcoming motion for class certification, and subsequent discovery following the court's decision on class certification. Thus, the deadlines and other directives in this order apply only to the initial period of class discovery.[1] The court will issue further case scheduling order after entry of the order on the motion for class certification. Accordingly, the court orders the following:

---

[1] The court will allow the parties to propose new schedule for subsequent discovery that may be necessary after entry of the order on class certification. Nothing in this order should be construed to limit the scope of discovery during this initial phase of class discovery. In other words, the parties may decide to pursue discovery on the merits of any individual claims together with standard discovery related to requirements for class certification during this period.

A. Discovery

    1. The parties have exchanged the information required by Federal Rule of Civil Procedure 26(a)(1).

    2. Discovery will be necessary on the following subjects: reference is made to the discovery proposed to be undertaken in the parties' joint report and plan.

    3. All class discovery shall be commenced or served in time to be completed by **January 19, 2027**.

    4. The court incorporates herein by reference the parties' agreements regarding discovery of electronically stored information and privileged materials, set forth in the parties' supplement regarding electronically stored information (DE 27).

    5. No party shall serve more than 30 interrogatories, including all discrete subparts, to any other party. Responses are due 45 days after service of those interrogatories.

    6. No party shall serve more than 30 requests for admission to any other party. Responses are due 45 days after service of those requests for admission.

    7. There shall be no more than 10 depositions by plaintiffs and 10 by defendant.

    8. Each deposition shall be limited to 7 hours, unless otherwise agreed by the parties.

    9. In the event expert discovery is necessary during the class discovery period,[2] the disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be served by **November 18, 2026**. Disclosures and reports by any rebuttal experts shall be served by **December 18, 2026**. The parties shall serve any objections to such disclosures, other than objections pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow

---

[2] The court will permit additional period for expert discovery following entry of the order on class certification.

Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) or similar case law, within 14 days after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer before filing any motion based on those objections.

10. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. See Fed. R. Civ. P. 29. Nor does this apply to modifying the requirements of Federal Rule of Civil Procedure 26(a)(2) concerning experts' reports.

11. Discovery in this case may be governed by a protective order. If the parties disagree concerning the need for, and/or the scope or form of, a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum. If the parties agree concerning the need for and scope and form of a protective order, their counsel shall confer and then submit a jointly proposed protective order as soon as is practicable.

    a. A jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case

3

that would provide the court with an adequate basis upon which to make the required finding of good cause for issuance of the protective order pursuant to Federal Rule of Civil Procedure 26(c).

b.   Any proposed protective order shall set out the procedure for filing under seal confidential documents, things, and/or information, pursuant to the requirements of <u>Stone v. University of Maryland Medical System Corp.</u>, 855 F.2d 178, 180 181 (4th Cir. 1988). Specifically, a proposed protective order shall include the following language: "Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

c.   Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual

4

notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

d. The parties are directed to Section V.G. of the court's Electronic Case Filing Administrative Policies and Procedures Manual, available online at http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf for information regarding how to file and serve sealed documents through the court's Case Management / Electronic Case Filing system ("CM/ECF").

B. Motions

1. Any motion shall be accompanied at time of filing with a proposed form of order, stating its requested relief.

2. Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **October 1, 2026**. Any parties later joined to this action are bound by this case management order unless otherwise ordered by the court.

3. Plaintiffs' motion for class certification shall be filed by **February 18, 2027.** Defendant's opposition to plaintiffs' motion for class certification shall be filed by

5

**April 1, 2027.** Plaintiffs' reply to defendant's opposition shall be filed by **May 19, 2027.**

4.  With respect to expert disclosures for the class discovery period, all motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), or similar case law, shall be filed by the deadline set for the class certification motion.  In conjunction with any such motion to exclude expert testimony or response thereto, the parties shall include where available all materials associated with the challenged expert, including resumes, reports, depositions, and objections to qualifications.

5.  Any motion raising a disputed issue of or relating to discovery, including any disputed motion to compel, for protective order, or to alter discovery requirements set forth herein (hereinafter, "discovery motions"), shall be filed and served within 30 days of the act or omission in discovery complained of, after good faith effort between the parties to resolve issue(s), unless upon good cause shown, time for filing such motion is extended.  Before filing, the court requires notice of such disputed discovery issue(s) for its consideration in setting a telephonic discovery conference.  The complaining party must notify the office of the case manager, by telephone at (252) 638-8534, of the discovery dispute, and provide the parties' mutually agreed to suggested dates and times for such conference.  The complaining party then will be instructed by the case manager how to transmit discovery material directly bearing on the particular dispute(s), either by facsimile or email, to the court for its preview.  Any material provided to the court shall be

6

copied to the opposition. If the opposing party is desirous of supplementing discovery material for the court, counsel similarly shall contact the case manager by telephone, for transmittal instruction. The case manager promptly will notify counsel by email as to any conference setting. Discovery motions filed after the 30 day deadline and/or without advance conference with the court, absent extenuating circumstances, summarily will be denied. Discovery motions ordinarily will be referred to a magistrate judge for ruling.

6. Any motion to continue must conform with the requirements set forth in Local Civil Rule 6.1, and also include a detailed statement as to the reason for the requested continuance or extension of time together with the proposed order. Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

C. Alternative Dispute Resolution ("ADR")

1. A settlement procedure is required in virtually every case, to be conducted before the close of discovery if the case is automatically selected for mediation pursuant to Local Alternative Dispute Resolution Rule 101.1a(b), or before the final pretrial conference if not automatically selected.

2. This case has been automatically selected for mediation. Reference is made to Local Alternative Dispute Resolution Rule 101.1 et seq. for required deadlines. In addition, the parties shall complete mediation required by this rule or engage in other private settlement discussions no later than **November 2, 2026**.

3. If at any time a settlement is reached, it shall be reported immediately to this court. The parties shall refer to Local Alternative Dispute Resolution Rule 101.1e for their specific obligations.

D. Pretrial and Trial Scheduling

After the court has ruled on the class certification motion and provided the parties opportunity to submit their case scheduling proposals, the court will enter new scheduling order governing deadlines and procedures for further discovery as necessary.

This case management order shall not be modified except by leave of court upon a showing of good cause, and all requirements set forth in the court's Local Civil Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED, this the 19th day of May, 2026.

_____
LOUISE W. FLANAGAN
United States District Judge

8